14-4037-cr
United States v. Graham

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
           REENA RAGGI,
           RICHARD C. WESLEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

        v.                                              No. 14-4037-cr

LARONE GRAHAM, AKA Abgod Graham,
                    *Defendant-Appellant*,

KORY TURNER, SHARIF OWENS, DARRYL S. SINGLETON, AKA D, and CHRISTHIAN GALARZA,
                    *Defendants*.[*]

-----------------------------------------------------------------------

FOR APPELLANT:                    Donna R. Newman, New York, New York.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:                          Jo Ann M. Navickas, Lara Treinis Gatz, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on October 20, 2014, is AFFIRMED, but REMANDED for the sole purpose of making a clerical correction to the judgment's description of Count 10 by replacing "Discharging a firearm" with "Using a firearm," and replacing § 924(c)(1)(A)(iii) with § 924(c)(1)(A)(i).

Defendant Larone Graham, who was convicted after a jury trial of various robbery, extortion, and firearms charges, secured relief from his original 600-month sentence from this court, see United States v. Graham, 691 F.3d 153 (2d Cir. 2012), and the Supreme Court, see Graham v. United States, 133 S. Ct. 2851 (2013) (mem.).  In this appeal, he challenges the 360-month sentence imposed on remand as both procedurally and substantively unreasonable.  When reviewing a sentence for "reasonableness," we apply "a particularly deferential form of abuse-of-discretion review" both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness).  See United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012).  We assume the parties' familiarity with

2

the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Procedural Reasonableness

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Graham does not claim, much less demonstrate, any of these errors. Instead, he asserts that even if the district court correctly calculated his Guidelines range, it should have granted him a within-Guidelines departure or a Guidelines variance[1] because the extra point multiple-count adjustment resulting from the government's decision to charge multiple conspiracies, rather than a single conspiracy, and the numerous enhancements applied to certain crimes produced an excessively high sentencing range.

The argument fails because a district court's decision not to depart downwardly from correctly calculated Guidelines will not support a claim of procedural error in the absence of clear record evidence that the judge misapprehended the scope of her departure or variance authority, which is not present here. See, e.g., United States v. Jackson, 658 F.3d 145, 153–54 (2d Cir. 2011). Thus, Graham's sentence is reviewable only for substantive reasonableness.

---

[1] "Departure" refers to a sentence outside the applicable Guidelines range "pursuant to a provision of the Guidelines"; "variance" describes a sentence outside the Guidelines scheme. United States v. Keller, 539 F.3d 97, 99 n.2 (2d Cir. 2008).

3

In seeking to avoid this conclusion, Graham argues that the district court committed procedural error in failing to consider his departure or variance arguments. We indulge a strong presumption that sentencing judges consider all arguments properly presented to them, unless the record clearly suggests otherwise. See United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006), abrogated on other grounds, Rita v. United States, 551 U.S. 338 (2007). The record here, far from suggesting a lack of consideration, convincingly demonstrates the district court's review, consideration, and ultimate rejection of Graham's arguments for a reduced sentence, whether as a departure or a variance. See J.A. 81–82, 116–19, 133–36, 180.

Accordingly, we identify no procedural error in Graham's sentence.

2. Substantive Reasonableness

We will identify a sentence as substantively unreasonable only in "exceptional cases" where the challenged sentence "cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). The range of permissible sentences is broad, usually extending well beyond the applicable Guidelines range. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008); accord United States v. Broxmeyer, 699 F.3d at 289 (identifying as substantively unreasonable "only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" (quoting United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009))).

4

Graham's guideline range was 262 to 327 months, plus a mandatory consecutive 60-month sentence for use of a firearm in the commission of his extortion crime. The district court decided to impose a total 30-year sentence, which it effected by sentencing Graham to a total within-Guidelines sentence of 300 months' imprisonment on all counts of conviction except the firearms charge, for which it imposed the minimum mandatory consecutive term, 60 months. A within-Guidelines sentence will be held substantively reasonable "in the overwhelming majority of cases." United States v. Fernandez, 443 F.3d at 27. Graham nevertheless submits that in his case the combination of multiple conspiracy charges and multiple Guidelines enhancements yielded a substantively unreasonable Guidelines range. We are not persuaded.

Graham argues that a single Hobbs Act conspiracy charge would have exposed him to a statutory maximum term of 20 years, see 18 U.S.C. § 1951(a), well below the calculated Guidelines range. This does not demonstrate the substantive unreasonableness of his sentence, however, because absent a double jeopardy or equal protection violation, which Graham does not—and cannot—assert, a defendant has no right to elect how the government charges his criminal conduct or the penalty scheme under which he is sentenced. See United States v. Batchelder, 442 U.S. 114, 125 (1979); Mannix v. Phillips, 619 F.3d 187, 200 (2d Cir. 2010) (holding that when acts violate multiple laws, prosecutor is free to choose one with highest sentence).

As for the increase in Guidelines offense level that resulted from multiple conspiracy charges, this was appropriate in light of Graham's multiple criminal objectives and distinct victims. One robbery scheme, resulting in the theft of $128,500

in furs and other property, was carried out at gunpoint, with store customers and employees physically restrained and the owner struck twice in the head with a gun. In a second robbery conspiracy, armed participants entered the targeted jewelry store, abandoning the plot only after becoming aware of a heavy police presence in the vicinity. In the third conspiracy, Graham orchestrated a plan to rob an Israeli jeweler, only to find himself arrested in what was in fact an FBI sting operation. The record further shows that Graham conspired to extort a purportedly disloyal confederate to commit the aborted jewelry store robbery by kidnapping the confederate, firing a gun at his feet, and thereafter having a co-conspirator hold a gun to the victim's head.

While Graham argues that all of these conspiracies and their substantive counterparts—except the conspiracy to rob the Israeli jeweler, which Graham concedes was unrelated—should be grouped as one, the district court was entitled to view a defendant who plotted multiple robberies as more dangerous than a defendant who plotted one, and to impose a more severe sentence on a defendant who threatened lives to secure participation in robberies than on a defendant who did not. Similarly, while Graham thinks it overstates his fur store robbery to apply enhancements for use of a firearm, see U.S.S.G. § 2B3.1(b)(2)(B) (6 levels); bodily injury, see id. § 2B3.1(b)(3)(A) (2 levels); physical restraint, see id. § 2B3.1(b)(4)(B) (2 levels); and loss of $115,350, see id. §2B3.1(b)(7)(C) (2 levels), the Sentencing Commission reasonably views each of these enhancements as potentially distinct aggravating aspects of a robbery crime, and in the circumstances of this case, the district court was reasonably entitled to do likewise. See United States v. Rosario, 7 F.3d 319, 321 (2d Cir. 1993) (rejecting challenge to

6

multiple § 2B3.1 sentencing enhancements for physical restraint and injury to victim where conduct found to "facilitate, as opposed to constitute" offense); accord United States v. Sabhnani, 599 F.3d 215, 251 (2d Cir. 2010) (stating that "[m]ultiple adjustments are properly imposed . . . when they aim at different harms emanating from the same conduct" (internal quotation marks omitted)).

We note further that, with two prior manslaughter convictions, Graham qualified as a career offender, see U.S.S.G. § 4B1.1(a), which would have yielded a still higher Guidelines range of 360 months to life. Mindful that Graham was 16 at the time of one of the convictions, the district court horizontally departed from the Guidelines to a criminal history category of III rather than VI. Its decision not to give more weight to Graham's other arguments for departure or variance does not manifest a substantively unreasonable sentence in light of the totality of circumstances in this case. See, e.g., United States v. Broxmeyer, 699 F.3d at 289 (holding that weight to afford aggravating and mitigating factors is matter firmly committed to sentencing judge's discretion, with appellate court seeking to ensure only that those factors can bear weight assigned under totality of circumstances).

In sum, because Graham's sentence was not outside the range of permissible decisions available to the sentencing judge, his substantive reasonableness challenge fails on the merits. See United States v. Cavera, 550 F.3d at 189.

3.    Conclusion

We have considered Graham's remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED, but

7

REMANDED for the sole purpose of making a clerical correction to the judgment's description of Count 10 by replacing "Discharging a firearm" with "Using a firearm," and replacing § 924(c)(1)(A)(iii) with § 924(c)(1)(A)(i).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court