[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15781
Non-Argument Calendar

_____

Agency No. A098-706-675

EDWARD JOAQUIN CERVANTES CASTRO,
LINDA ALICIA BONDUEL MARTINEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 15, 2019)

Before BRANCH, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Edward Cervantes Castro, joined by his wife Linda Alicia Bonduel

Martinez, both citizens of Venezuela, petition for review of a Board of Immigration Appeals ("BIA") decision denying his motion to reopen removal proceedings based on changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii).[1] Cervantes Castro asked the BIA to reopen claims for asylum,[2] withholding of removal,[3] and relief under the United Nations Convention Against Torture ("CAT").[4] In support of the motion, Cervantes Castro submitted evidence of political and social unrest in Venezuela and of attacks on his family members in Venezuela.

On appeal, he argues that the BIA erred in denying the motion to reopen by (1) failing to give reasoned consideration to the claims, (2) finding that they did not show materially changed county conditions, (3) determining that they did not establish a prima facie case for withholding of removal or CAT relief, and (4) denying the motion to reopen for failure to file a new application for asylum relief. Because Cervantes Castro does not challenge the merits of the BIA's asylum decision on appeal, we do not consider it. On the issues raised, we conclude that

---

[1] As we noted in a prior appeal, Bonduel Martinez is only a petitioner here with respect to the underlying asylum claim. A spouse may be a derivative beneficiary of asylum relief but not withholding of removal or CAT relief. *Cervantes Castro v. U.S. Atty. Gen.*, 632 F. App'x 558, 558 n.1 (11th Cir. 2015). Because Bonduel Martinez would only be eligible for derivative relief on the asylum claim and that asylum claim has not been raised on appeal, we refer to Cervantes Castro throughout.

[2] 8 U.S.C. § 1158(a)(1); Immigration and Nationality Act ("INA") § 208(a)(1).

[3] 8 U.S.C. § 1231(b)(3)(A); INA § 241(b)(3)(A).

[4] 8 C.F.R. § 208.16(c).

the BIA provided reasoned consideration, made adequate findings, supported its outcome, and did not abuse its discretion, and therefore, we deny the petition.

## I.  BACKGROUND

Edward Cervantes Castro and Linda Alicia Bonduel Martinez are natives and citizens of Venezuela. They entered the United States in late 2003 and early 2004 on nonimmigrant visitor visas that permitted them to remain in the United States through June 27, 2004, and April 17, 2004, respectively. They both remained in the United States after those dates. The Department of Homeland Security issued notices to appear, charging them with removability under 8 U.S.C. § 1227(a)(1)(B). In 2005, Cervantes Castro applied for asylum, withholding of removal, and protection under CAT, listing Bonduel Martinez as a derivative beneficiary for purposes of the asylum claim.

In 2006, an immigration judge ("IJ") held a hearing on the merits of the applications. Cervantes Castro testified that he was a member of the Social Christian political party, which opposed Venezuelan President Hugo Chavez and the Communist Party.  He also testified that he participated in marches against the Chavez government and seeking the resignation of Chavez and the elimination of the Bolivarian Circles, which he alleged was a *de facto* arm of the government created to harm the people. He testified that, in January 2003, members of the Bolivarian Circles tried to take his father's farm while cursing at him and

3

threatening him. A couple of days later, he received a phone call threatening him and his family with death if they returned to the farm. He also claimed that the next month, members of the Bolivarian Circles entered his car, pointed a handgun at him, and forced him to pull over, though they let him go about five minutes later. Then after Cervantes Castro participated in a march calling for President Chavez's resignation, he and his wife were kidnapped by members of the Bolivarian Circles, though they were later rescued by police.

In 2013, the immigration judge denied Cervantes Castro's asylum application as untimely. The immigration judge denied his other two claims for withholding of removal and CAT relief because he failed to present corroborating documentation even though such documentation would have been easy to obtain, and because he failed to give any reason that the government would torture him in the future. The BIA affirmed the immigration judge's decision and dismissed Cervantes Castro's appeal. This Court denied Cervantes Castro's petition for review of that decision, concluding that the BIA's decision was supported by substantial evidence particularly in light of the implausibility of his claims and his failure to provide corroboration. *Cervantes Castro v. U.S. Att'y Gen.*, 632 F. App'x

4

558, 563 (11th Cir. 2015).[5]

In April 2017, Cervantes Castro filed a motion with the BIA to reopen removal proceedings based on changed country conditions so that he could pursue claims for asylum, withholding of removal, and CAT relief. In support, he submitted police reports documenting that his brother and son were the victims of multiple beatings and threats by assailants who asked about his whereabouts. According to the translated police reports, the attackers threatened more violence if the family did not "cancel the amount of money for extortion of their land." Cervantes Castro also documented that his mother twice sought refuge in a women's shelter. He submitted a 2016 U.S. State Department human rights report and news articles showing social and political unrest in Venezuela including attacks on anti-government protestors committed by groups of government enforcers called *colectivos*. Those documents show that the *colectivos* also assert their own influence independent of the government.

The BIA denied Cervantes Castro's motion to reopen removal proceedings based on failure to file a new asylum application for a different claim than he originally filed, failure to show materially changed country conditions, and failure make a prima facie case for asylum, withholding of removal, or CAT relief. This

---

[5] Although Cervantes Castro appealed all three decisions, only the request for withholding of removal was before this Court.

petition for review followed.

## II.  STANDARDS OF REVIEW

"We review the BIA's denial of [a] motion to reopen [removal proceedings] for an abuse of discretion." *Verano-Velasco v. U.S. Att'y Gen*, 456 F.3d 1372, 1376 (11th Cir. 2006). "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). This Court will "affirm[] the BIA's decision if it is based on 'reasoned consideration' and shows that the BIA has 'made adequate findings' to support its outcome." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018) (quoting *Gaksakuman v. U.S. Att'y Gen.*, 767 F.3d 1164, 1168 (11th Cir. 2014)). We review claims of legal error, such as failure to provide reasoned consideration, *de novo*. *Id.*

## III.  DISCUSSION

Cervantes Castro argues that the BIA's decision should be reversed for four reasons: (1) the BIA failed to provide reasoned consideration, (2) the BIA erred in determining that he did not show materially changed country conditions, (3) the BIA erred in concluding that he did not establish a prima facie case for withholding of removal or CAT relief, and (4) the BIA erred in denying his motion

to reopen removal proceedings for failure to attach a new asylum application.[6] We disagree.

Motions to reopen removal proceedings are disfavored particularly in cases of deportation where "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). There are at least three separate reasons the BIA may deny a motion to reopen a removal proceeding: "1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001). Any one of those three grounds is sufficient to sustain denial of a motion to reopen a removal proceeding.

A motion to reopen removal proceedings must be filed within ninety days after the BIA's final removal order unless the motion is based on evidence of changed country conditions material to the application that could not have been

---

[6] Because we conclude that the BIA engaged in reasoned consideration and did not abuse its discretion in denying the motion to reopen removal proceedings on other grounds, *infra* at 9–15, we do not reach Cervantes Castro's argument that the BIA erred in denying his motion for failure to attach a new application. We also do not address the BIA's conclusion that Cervantes Castro failed to make a prima facie case for asylum because Cervantes Castro's brief makes no more than a passing reference to the issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that this Court has "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting argument and authority").

7

presented in the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii). Cervantes Castro concedes that he filed his motion to reopen more than ninety days after the BIA's final removal order and that he was required to show changed country conditions in order for his motion to have been timely.

To make a showing of previously unavailable new evidence in the context of a motion to reopen a removal proceeding, the movant bears the "heavy burden" of presenting "evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result of the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (alterations in original). An applicant for withholding of removal may satisfy his burden in either of two ways. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).

First, the applicant may establish "past persecution in his country based on a protected ground," including "race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "'[P]ersecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and . . . '[m]ere harassment does not amount to persecution.'" *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quoting *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000)). Second, the applicant may demonstrate that his "life or freedom would be threatened in that country

8

because of his race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Sepulveda*, 401 F.3d at 1232. When establishing that he is entitled to withholding of removal in the second way, "[t]he alien bears the burden of demonstrating that it is 'more likely than not' she will be persecuted or tortured upon being returned to her country." *Sepulveda*, 401 F.3d at 1232. The applicant must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" the statutorily listed factor. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Political conditions affecting the population as a whole generally do not establish persecution. *See Al Najjar*, 257 F.3d at 1288. This standard is significantly more stringent than the "well-founded fear" standard that applies with respect to asylum claims. *Id.* at 1293.

An applicant for CAT relief must establish that it is more likely than not that he would be tortured by the government or with the government's acquiescence if removed. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004).

### A. The BIA Engaged In Reasoned Consideration.

Cervantes Castro argues that the BIA failed to provide reasoned consideration of his claims. Reasoned consideration exists where the BIA "announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lin*, 881 F.3d at 874

9

(quoting *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016)). We have concluded the BIA engages in reasoned consideration when it lists the basic facts of the case, refers to the relevant regulatory and statutory provisions, and accepts several grounds on which the immigration judge denied the motion. *Lin*, 881 F.3d at 874–75. The BIA fails to give reasoned consideration "when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decisions which are unreasonable and which do not respond to arguments in the record." *Id.* Because the BIA's opinion is consistent with the record and provides a reasonable response to the arguments presented, we reject Cervantes Castro's argument.

Here, the BIA provided a reasoned explanation for its decision based on an accurate reading of the record. The BIA listed the basic facts of the case and the relevant regulatory and statutory provisions. The BIA noted that Cervantes Castro presented evidence indicating that his "mother, brother, and son have been threatened and/or harmed recently by a group of people" looking for Cervantes Castro because of a land dispute. The BIA explained that the new evidence related to extortion involving a land dispute rather than political opinion. With only statements about a land dispute and no evidence concerning the identity of the attackers, the BIA had nothing before it linking the new evidence to Cervantes Castro's previous claims of persecution based on political opinion. Without that

10

link, the BIA reasonably determined that the evidence was not material to Cervantes Castro's political opinion claims, and therefore, did not amount to "materially changed country conditions or circumstances" and that therefore his motion to reopen removal proceedings was untimely.

To be sure, the BIA did not specifically discuss the country report or the news articles that Cervantes Castro submitted. But the BIA is not required to discuss each piece of evidence. Rather, it only has to show that it has considered the arguments presented. *Id.* at 874. Here, the BIA did acknowledge the political and social unrest in Venezuela showing that it considered Cervantes Castro's arguments and supporting evidence. We conclude that the BIA engaged in reasoned consideration because its opinion accurately reflects the record and reasonably responds to Cervantes Castro's arguments.

### B.  The BIA Did Not Abuse Its Discretion by Finding That Cervantes Castro Failed to Establish Materially Changed Country Conditions.

Cervantes Castro argues that the BIA erred in concluding that he failed to establish materially changed country conditions and that therefore his motion to reopen removal proceedings was untimely. We are not persuaded that the BIA abused its discretion in so finding.

Cervantes Castro's argument fails because the news articles and country reports he submitted are not material to his claims. To provide material new evidence in order to reopen removal proceedings, the movant must show that "if

11

proceedings . . . were reopened, with all attendant delays, the new evidence offered would likely change the result of the case." *Ali*, 443 F.3d at 813. That means that Cervantes Castro would need to have shown that the changed country conditions mean that he could establish that it is more likely than not that he will be persecuted or tortured if returned to Venezuela. *See id.*; *Sepulveda*, 401 F.3d at 1232; *Sanchez*, 392 F.3d at 438. He provided no such evidence. He presented only evidence showing general political unrest, but he did not demonstrate any increase in persecution on account of political opinion that would likely affect him in particular. News articles and country reports showing human rights abuses that are not specific to the alien are insufficient to show persecution. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1346 (11th Cir. 2008).

Cervantes Castro relies on *Li v. U.S. Attorney General*, 488 F.3d 1371 (11th Cir. 2007), to argue that the BIA was required to reopen his case due to materially changed country conditions. But *Li* only further highlights Cervantes Castro's failure to show changed country conditions that relate to persecution on account of political opinion. In *Li*, we concluded that evidence of a recent campaign of forced sterilization directed against women with two or more children in Li's home village established cause for reopening her removal proceedings. *Id.* at 1375–76. By statute, forced sterilization is grounds for persecution on the basis of political opinion. 8 U.S.C. § 1101(a)(42). Li's evidence documenting a recent campaign of

12

forced sterilizations of women with two or more children made it more likely that she would be singled out for persecution due to her membership in the targeted group. By contrast, Cervantes Castro presented only evidence of general human rights abuses that is insufficient to establish persecution. Therefore, it was not an abuse of discretion for the BIA to deny his motion as untimely due to his failure to show materially changed country conditions.

### C. The BIA Did Not Abuse Its Discretion by Finding Cervantes Castro Did Not Make a Prima Facie Case for Withholding of Removal or CAT Relief.

Cervantes Castro also argues that the BIA abused its discretion when it determined that he failed to make a prima facie case for withholding of removal, which is a similar though more stringent standard than for asylum, and CAT relief.

The BIA did not abuse its discretion in concluding that Cervantes Castro failed to make a prima facie case for withholding of removal based on political opinion persecution in light of the new evidence. As an initial matter, the BIA noted that the record failed to identify the individuals who threatened and harmed Cervantes Castro's family members. Although Cervantes Castro implied that groups of government enforcers called *colectivos* were responsible by submitting articles about the group, there is no evidence that the *colectivos* were the ones who threatened his family. Without knowing the identity of the attackers, even by way of their affiliation, it is difficult, if not impossible, to know whether the attacks were on account of Cervantes Castro's political opinion.

13

Moreover, the statements by the attackers, as documented in the translated police reports, do not support political opinion persecution. The police reports state that the attackers told Cervantes Castro's family to "cancel the amount of money for extortion of their land." It is not clear what exactly the attackers meant by those statements, but there is nothing in them indicating that the attackers were motivated by Cervantes Castro's political opinion. The BIA surmised that those statements related to a land dispute rather than Cervantes Castro's political opinion. Although it is not clear whether those statement in fact relate to a land dispute, we agree with the district court that they do not establish persecution on the basis of political opinion, and therefore, we find no abuse of discretion.

Cervantes Castro's argument that the BIA abused its discretion in concluding that he did not make a prima facie case for CAT relief in light of the new evidence also fails. Cervantes Castro failed to demonstrate that he likely would be tortured by the government if returned to Venezuela. *See* 8 C.F.R. § 208.18(a)(1). Even assuming that the attacks on his family would give rise to a likelihood of torture, there is no evidence of government involvement. In fact, the record contradicts such a finding in two ways: police officers assisted Cervantes Castro's family members after the attacks, and even if Cervantes Castro had shown that the *colectivos* were involved, the *colectivos* exert their own influence independent of the government. Because Cervantes Castro presented no new

14

evidence showing that he would likely be tortured upon return to Venezuela it was not an abuse of discretion for the BIA to deny his motion due to failure to establish a prima facie case for CAT relief.

Because we conclude that the BIA engaged in reasoned consideration of Cervantes Castro's claims and did not abuse its discretion in denying the motion to reopen removal proceedings, we deny the petition for review.

**PETITION DENIED.**